```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

| | |
|---|---|
| ARIS G. CRIS, AIA, | : |
| | : |
|     Plaintiff, | : |
| | : |
| V. | :   CASE NO. 3:10CV1926(RNC) |
| | : |
| JOHN J. FARERI, et al., | : |
| | : |
|     Defendants. | : |

## RULING ON PLAINTIFF'S MOTION TO COMPEL AND DEFENDANT'S MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER

The plaintiff brings this action against the defendants, Gateway Development Group, 37 Andrews Farm LLC, John Fareri, and Louis Contadino ("Contadino"), alleging violation of the Copyright Act, 17 U.S.C. §§ 101 et seq. Pending before the court are the plaintiff's motion to compel directed at the defendant Contadino (doc. #40) and the defendant Contadino's motion to quash subpoena and/or for protective order. (Doc. #42.) After oral argument, the plaintiff's motion to compel is granted in part and denied in part and the defendant's motion to quash and/or for protective order is granted as follows:

    1. In Interrogatories 7 and 8, the plaintiff seeks to compel a list of the defendant's proposals for the architectural design of residences and a list of the residences the defendant designed from 2004 through 2010. Requests for production 3 and 4 seek the written proposals and agreements. The defendant Contadino objects on the grounds that the requests are unduly burdensome and oppressive, overly broad and not relevant.

"Under well-settled law, the party resisting production bears the responsibility of establishing undue burden." Michanczyk v. Metropolitan Life Ins. Co., No. 3:05CV1903(RNC)(DFM), 2007 WL 926911, at *2 (D. Conn. Mar. 26, 2007). A "conclusory assertion of burdensomeness is entitled to no weight whatsoever." Jackson v. Edwards, No. 99 CIV.0982, 2000 WL 782947, at *2 (S.D.N.Y. June 16, 2000). See Johnson v. McTigue, 122 F.R.D. 9, 11 (S.D.N.Y. 1986) ("mere allegations of burdensomeness cannot defeat a motion to compel production"). "If a party resists production on the basis of claimed undue burden, it must establish the factual basis for the assertion through competent evidence." Fletcher v. Atex, Inc., 156 F.R.D. 45, 54 (S.D.N.Y. 1994). See e.g., Sullivan v. StratMar Systems, Inc., --- F.R.D. ----, 2011 WL 3299811, at *2 (D. Conn. Aug. 2, 2011)("as the objecting party, [defendant] must specifically show how plaintiff's requests and questions are overly broad, burdensome or oppressive 'by submitting affidavits or offering evidence revealing the nature of the burden.'"); In re In-Store Advertising Sec. Lit., 163 F.R.D. 452, 455 (S.D.N.Y. 1995) ("If a party resists production on the basis of claimed undue burden, it must establish the factual basis for the assertion through competent evidence.") The defendant has submitted no affidavits or other evidentiary material describing the time, resources or costs that would be incurred in order to comply with the plaintiff's requests. Accordingly, because the defendant has made no showing as to the

2

nature and extent of the actual burden he would face in responding to the plaintiff's requests, the objection of undue burden is overruled.  See, e.g., Coale v. Metro North R. Co., No. 3:09cv2065(CSH), 2011 WL 1870237, at *3 (D. Conn. May 16, 2011)(court denied objection that request was unduly burdensome where defendant failed to submit affidavits or other evidence revealing the nature of the burden); Schiavone v. Northeast Utilities Service Co., No. 3:08CV429(AWT)(DFM), 2010 WL 382537, at *1 (D. Conn. Jan. 27, 2010) (court overruled plaintiffs' burdensomeness objection where plaintiffs did not submit any evidence revealing the nature of the burden).

The defendant also objects on grounds of relevance.  The elements required to establish a prima facie case of copyright infringement are "ownership of a valid copyright" and "copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).  To establish the second element, a plaintiff must demonstrate that: "'(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's.'" Hamil America, Inc. v. GFI, 193 F.3d 92, 99 (2d Cir. 1999).  Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense involved in the pending litigation. Fed. R. Civ. P. 26(b)(1).  The information

3

sought need not be admissible at trial as long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

The plaintiff argues that the requests are relevant to whether the defendant copied the plaintiff's work. According to the plaintiff, the information might indicate the type of work the defendant did and whether it was unusual for the defendant to design such a large and expensive house as in this case. The court is persuaded that the information sought by the plaintiff has some relevance to his claims. The plaintiff's motion to compel as to interrogatories 7 and 8 and requests for production 3 and 4 is granted.

2. In Interrogatory 12 and Production Request 11, the plaintiff seeks information regarding the calculation of damages. The defendant objects "on the grounds that [the requests are] vague and ambiguous and further that [they] assume[] that the [Copyright] Act applies in this matter and that an infringement under the Act occurred." The motion to compel these requests is granted: the requests are neither vague nor ambiguous and the plaintiff is entitled to request information regarding damages.

3. The plaintiff seeks to compel production of the defendant's CAD (computer aided design) files of the defendant's

allegedly infringing design.[1] The plaintiff requested the files from the defendant in a subpoena. The defendant filed an opposition to the plaintiff's motion to compel (doc. #49) as well as a motion to quash and/or for a protective order. (Doc. #42.)

Assuming arguendo that Rule 45 does not prohibit issuance of a subpoena upon a party,[2] the plaintiff's subpoena must nonetheless be quashed pursuant to Rule 45(c)(3)(A)(i) and (iv) for failure to allow a reasonable time to comply. The subpoenas were issued on June 22, 2011, with a compliance date of June 24, 2001 at 3 a.m. Rule 45(c)(3)(A)(i) provides that "the issuing court must quash" a subpoena that "fails to allow a reasonable time to comply."

---

[1] The subpoena commands the defendant to produce: "All electronically stored CAD files with the drawings made by you for the design of the residence at 36 Andrews Farms Road, Greenwich, CT 06830. The CAD files must be produced in their electronic format without any alteration or conversion to pdf format."

[2] Neither party provided caselaw as to this issue. According to a leading treatise, "some courts have observed that it is not improper to subpoena a party." 9 Moore's Federal Practice § 45.02[4][a] (4th ed. 2011). See, e.g., First City, Texas-Houston, N.A. v. Rafidain Bank, 197 F.R.D. 250, 255 n.5, aff'd, 281 F.3d 48 (2d Cir. 2002) ("While a Rule 45 subpoena is typically used to obtain the production of documents and/or testimony from a non-party to an action (whereas Rules 26-37 provide simpler means for obtaining the same from a party), nothing in the Federal Rules of Civil Procedure explicitly precludes the use of Rule 45 subpoenas against parties."); Burns v. Bank of America, No. 03 CIV.1685 (RMB)(JCF), 2007 WL 1589437, *14 (S.D.N.Y. June 4, 2007) (Rule 45 "does not, by its terms, prohibit the service of subpoenas upon parties to an action."); but see Alper v. United States, 190 F.R.D. 281, 183 (D. Mass. 2000) ("discovery of documents from a party, as distinct from a non-party, is not accomplished pursuant to Rule 45.").

5

"Although Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable." Brown v. Hendler, No. 09 Civ. 4486(RLE), 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011). Clearly the time allowed to comply with the subpoena is unreasonable.

As to the defendant's remaining objections[3], the defendant maintains that he need not produce the CAD files because he already produced the plans in PDF form.

"Under Rule 45(c)(3)(A)(iv), a court must 'quash or modify' any subpoena that subjects the recipient to 'undue burden.'" In re Gushlak, No. 11-MC-218(NGG), 2011 WL 3651268, at *6 (E.D.N.Y. Aug. 17, 2011). "The movant bears the burden of persuasion in a motion to quash." Akande v. Graser, No. 3:08cv188(WWE)(HBF), 2010 WL 3613912, at *1 (D. Conn. Sept. 3, 2010). Id. "An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party. Whether a subpoena imposes an undue burden depends upon such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Id. See Jackson v. AFSCME Local 196, 246 F.R.D. 410, 412 (D. Conn. 2007) ("The Court's evaluation of undue burden requires

---

[3]The court addresses these arguments in light of the plaintiff's representation that he will serve the request again.

weighing the burden to the subpoenaed party against the value of information to the serving party.")  "Ultimately, '[t]he determination of issues of burden and reasonableness is committed to the sound discretion of the trial court.'"  Akande v. Graser, 2010 WL 3613912, at *1.

The defendant points to the parties' Rule 26(f) report where the parties agreed that discovery responses would be produced in "hard copy/pdf format."  (Doc. #25 at 5.)  He argues that he should not be required to produce the files in more than one format.  The plaintiff responds that architectural plans are ordinarily maintained in CAD files, see Fed. R. Civ. P. 34(b)(2)(E)(ii), a contention that the defendant does not dispute, and that the CAD files (rather than PDF files) are necessary because they will provide him with information regarding the type and extent of changes the defendant made to the design in a way that the PDF files cannot.  The defendant has not shown that compliance with the request would impose an undue burden.

Finally, the defendant "moves the court to quash the subpoena and/or issue a protective order so that the requested CAD files do not have to be produced" because they are in an "unprotected and not secured state."  (Doc. #43, Def's Mem. at 5.)  The defendant expresses concern that the CAD files are vulnerable to alteration or copying. However, "anticipated misuse of otherwise discoverable documents and information is not a valid defense to production." Sullivan v. StratMar Systems, Inc., --- F.R.D. ----, 2011 WL

7

3299811, at *2 (D. Conn. Aug. 2, 2011). A protective order limiting the plaintiff's use of these materials would provide ample protection against the sabotage about which the defendant is concerned.

SO ORDERED at Hartford, Connecticut this 22nd day of September, 2011.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge