```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

ARIS G. CRIS, AIA,                  :
                                    :
     Plaintiff,                     :
                                    :
V.                                  :   CASE NO. 3:10CV1926(RNC)
                                    :
JOHN J. FARERI, et al.,             :
                                    :
     Defendants.                    :
```

RULING ON DEFENDANT'S CROSS MOTION FOR SANCTIONS

The plaintiff brings this action against the defendants, Gateway Development Group, 37 Andrews Farm LLC ("Andrews Farm"), John Fareri and Louis Contadino, alleging violation of the Copyright Act, 17 U.S.C. §§ 101 et seq. Pending before the court is Andrews Farm's "cross motion for sanctions." (Doc. #75.) The defendant requests an order compelling responses to certain discovery requests and an award of attorney's fees incurred in the making of the motion. After oral argument, the defendant's motion is granted in part and denied in part.

I.   Oath

The defendant first argues that the plaintiff's verification of his interrogatory responses does not comply with Fed. R. Civ. P. 33(b) which provides that interrogatories must be responded to "separately and fully in writing under oath." As indicated during oral argument, the court agrees with the defendant that the plaintiff has not adequately sworn that his answers are true. "Requiring a party to sign interrogatory responses under oath

serves the critical purpose of ensuring that the responding party attests to the truth of the responses."  Villareal v. El Chile, Inc., 266 F.R.D. 207, 211  (N.D. Ill. 2010).  The plaintiff must provide a proper oath attesting to the truth of his interrogatory responses served upon the defendant such as "Under penalties of perjury, I certify that the foregoing responses to interrogatories are true and correct."  See Deseret Management Corp. v. U.S., 75 Fed. Cl. 571, 575 (Fed. Cl. 2007) (same); see also Steptoe v. City of Syracuse, No. 5:09CV1132(NPM/DEP), 2011 WL 6012941, at *5 (N.D.N.Y. Nov. 1, 2011)("The courts that have addressed the issue of the form that an interrogatory oath must take appear to be in agreement that the oath requirement may be satisfied either by having the statement affirming the responses sworn to before a notary public or by providing a declaration pursuant to 28 U.S.C. § 1746. . . . If the latter course is selected, an unverified statement may suffice provided that it specifically states that the document is given under penalty of perjury and is true and correct.")

II.  Discovery Requests

The defendant next argues that the plaintiff failed to adequately respond to its discovery requests.  Counsel informed the court that they have resolved their dispute as to interrogatories 1, 4 and 6 and all of the defendant's requests for production.  Accordingly, the defendant's motion as to these requests is denied

as moot.

The defendant maintains, however, that the plaintiff's responses to interrogatories 7, 8, 9 and 12 are deficient and that the plaintiff should be ordered to fully respond to these requests. In addition, the defendant requests that the court impose monetary sanctions.

Interrogatory 7 asks the plaintiff to identify the protectable elements of his work and the factual basis of the plaintiff's allegation of "substantial similarity." The plaintiff does not dispute that the information is relevant. Rather, he argues that the information is obvious and refers the defendant to the plans themselves as evidence of "the similarity of the two." (Pl's Interr. Response.) The defendant is entitled to have the plaintiff identify precisely what he claims is protected and the factual basis of his allegation that the completed Andrews Farm project and the Clapboard Ridge Design are substantially similar. The defendant's motion is granted as to interrogatory 7.

Interrogatories 8 and 9 ask the plaintiff to identify the elements he alleges the defendant copied and whether each such element is protectable. The plaintiff responds, <u>inter alia</u>, that the defendant copied the total concept and overall feel. The requested information is relevant and the defendant is entitled to pin down the plaintiff's specific infringement contentions. The defendant's motion as to these requests is granted.

Interrogatory 12 asks the plaintiff to identify the facts and evidence in support of his allegation that the Gateway defendants infringed on the plaintiff's copyright as alleged in the complaint. The plaintiff's response refers the defendant to the plans, which he states demonstrate substantial similarity. A plaintiff alleging copyright infringement must establish two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). During oral argument, the defendant clarified that it is seeking evidence as to these elements, including evidence as to whether the plaintiff has a valid copyright. The motion as to interrogatory 12 is granted and the plaintiff shall supplement his response.

The defendant seeks fees pursuant to Fed. R. Civ. P. 37(b)(2) on the grounds that the plaintiff failed to comply with the court's order.[1] The court has "wide discretion in imposing sanctions under Rule 37." Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 135 (2d Cir. 2007). The defendant's motion for sanctions is denied. Upon consideration of all of the circumstances, the court has determined that an award of costs would be unjust.

SO ORDERED at Hartford, Connecticut this 13th day of December, 2011.

                                        _____/s/_____
                                        Donna F. Martinez
                                        United States Magistrate Judge

---

[1] The court previously granted the defendant's motion to compel and awarded fees. See doc. #71.